IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ANGEL CUDE                   Plaintiff, <br> v. <br><br> ANDREW SAUL, Commissioner, <br> Social Security Administration, <br><br>                  Defendant. | 3:19-cv-00250-JJV |

## MEMORANDUM AND ORDER

Plaintiff, Angel Cude, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act because jobs existed that Plaintiff could perform despite her impairments. (Tr. 10-27). Both parties have submitted appeal briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009*)*; *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement

of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint is DISMISSED.

Plaintiff is forty-seven years old. (Tr. 73.) She testified she went to the seventh or eighth grade in school but later earned a GED. (*Id.*) The ALJ determined she has no past relevant work. (Tr. 26.)

The ALJ[1] found Ms. Cude had not engaged in substantial gainful activity since February 27, 2017, the date of her application for disability benefits. (Tr. 13.) The ALJ next determined Plaintiff has "severe" impairments in the form of substance abuse disorder, schizoaffective disorder, mood disorder, and anxiety disorder. (*Id.*) The ALJ further found she did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-15.) However, the ALJ determined Plaintiff was disabled when accounting for her substance abuse disorders. (Tr. 17.) Nevertheless, the ALJ then found that if Ms. Cude stopped her substance abuse, she had the residual functional capacity to perform a reduced range of light work. (Tr. 20.) Because Plaintiff has no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 85-87.) Based in part on the VE's testimony, the ALJ concluded -

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

if Plaintiff stopped her substance abuse – she could perform the jobs of pattern folder and stamper. (Tr. 26.)  Consequently, the ALJ determined Ms. Cude was not disabled.  (Tr. 27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues, "The major error in the ALJ's decision is that she never explains her rationale for finding that Cude would not be disabled if she stopped using drugs. In the first part of her analysis, the ALJ finds that Cude's impairments, *including* her drug use, are disabling."  (Doc. No. 12 at 15.)  Plaintiff goes on to say, "Notably absent is any explanation of how the ALJ knows that Cude would be able to work if she stopped using drugs." (*Id*.)  Ms. Cude argues, "The ALJ's finding that Cude could work if she stopped using drugs is not supported by the medical evidence describing Cude's treatment for mental illness. Cude is using drugs to self-medicate her mental illness, which would remain if she quit using drugs." (*Id.* at 16.)

Ms. Cude's history of substance abuse is extremely troubling and includes a 30-year habit of daily crack cocaine use, daily alcohol abuse, frequent use of benzodiazepines, and occasional use of methamphetamines and marijuana.  (Tr. 477.)  Plaintiff's counsel makes a fair point about the ALJ not thoroughly explaining her rationale for finding Ms. Cude would not be disabled without her substance abuse.  However, the record on its face supports the ALJ's decision.

In her opinion, the ALJ stated, "As for the claimant's alleged disabling mental impairment, clearly, [*sic*] she has some mood disorder and anxiety, but the medical evidence of record simply does not support the level of limitation that would be disabling.  It appears that the claimant does well as long as she takes her medications as prescribed." (Tr. 23.)  The ALJ noted that Plaintiff had the ability to "remain sober for extended periods of time." (Tr. 26.)  And she also noted, "The claimant has not sought treatment for any substance condition." (*Id.*)  All of these findings are

3

supported by the record.  Additionally, as the Commissioner points out, on one recent instance, Plaintiff's hallucinations were "polysubstance induced."  (Tr. 513.)  And without illegal substances in her system, Plaintiff's condition greatly improved.  (Tr. 478, 514, 520.)  As her treatment notes report, "Coming off the influence of her street drugs.  Much improved.  Far less irritable."  (Tr. 520.)  Accordingly, I find no basis to overturn the ALJ's decision here.

Plaintiff also argues that the ALJ failed to give sufficient weight to the findings of Vickie Brewer Caspall, Ph.D.  (Doc. 12 at 16-19.)  Dr. Caspall completed a Mental Diagnostic Evaluation of Ms. Cude.  (Tr. 458-464.)  Dr. Caspall's findings were mixed but reveal significant mental limitation.  The ALJ only gave "some weight" to Dr. Caspall's findings, saying, "it appears that Dr. Caspall relied quite heavily on the *subjective* report of symptoms and limitations provided by the claimant and her brother, and seemed to uncritically accept as true most, if not all, of what the claimant reported."  (Tr. 24.)  The Commissioner argues, "Indeed, Dr. Caspall apparently overlooked or was unaware of the extent of Plaintiff's substance use, as Dr. Caspall did not diagnose Plaintiff with any substance use disorder despite Plaintiff's decades-long substance use."  (Doc. No. 14 at 5.)  After carefully reviewing Dr. Caspall's report, I find no error in the ALJ's assessment.  I also agree with the Commissioner that the examination curiously fails to mention Ms. Cude's very extensive history of substance abuse.  Accordingly, I find Plaintiff's argument is without merit.

Plaintiff has advanced other arguments that I have considered and also find to be without merit.  The Commissioner's decision is supported by substantial evidence.  Counsel for both sides have done excellent work on behalf of their respective clients.  I am sympathetic to Ms. Cude's situation.  But the overall evidence provides substantial support for the ALJ's determination that – if she stopped her substance abuse - she could perform a reduced range of light work.

Furthermore, it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 4th day of February 2020.

_____
JOE J. VOLPE